UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE R. BATEH and ABEER BATEH,

    Plaintiff,

vs.                                                                            Case No. 3:11-cv-926-J-32MCR

COLQUETT D. TRUCKING, INC. a/k/a D.
COLQUETT TRUCKING, INC., etc., et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Clerk's Default (Doc. 7) filed September 22, 2011.  Plaintiffs request a clerk's default be entered against Defendants Southern Leasing LLC d/b/a Southern Leasing Company and Wiley Sanders Truck Lines, Corporation a/k/a Wiley Sanders Truck Lines, Inc. and/or d/b/a Stephen Sanders Trucking Inc. (collectively, "Defendants").  (Id.).

**I.    BACKGROUND**

On August 9, 2011, Plaintiffs filed their Complaint in the Circuit Court, in and for Duval County, Florida asserting that Defendants acted negligently resulting in a motor vehicle accident.  (Doc. 2).  On August 16, 2011, a Summons, along with the Complaint, was served on Defendants.  According to Defendants, on August 18, 2011, the documents were forwarded to Defendants' insurers for handling.  (Doc. 9, p. 2, ¶ 7).  On September 22, 2011, after Defendants failed to file a timely response to Plaintiffs' Complaint, Plaintiffs filed the instant Motion for Clerk's Default.  (Doc. 7).  On

September 27, 2011, Defendants filed a response in opposition to Plaintiffs' Motion. (Doc. 9).

**II.   ANALYSIS**

Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored. Kilpatrick v. Town of Davie, 2008 U.S. Dist. LEXIS 62517 (S.D. Fla. Aug. 14, 2008). Merely failing to timely file a responsive pleading does not suggest conduct that shows intentional or reckless disregard for judicial proceedings. Id. at * 3.

Here, according to Defendants, they immediately forwarded Plaintiffs' claim to their claim administrator. (Doc. 9, p. 2, ¶ 7). Due to an administrative and clerical mistake and oversight, the claim administrator failed to take timely appropriate action on behalf of Defendants. (Doc. 9, p. 4). Nonetheless, upon learning of the oversight immediate action was taken by filing an Answer to the Complaint (Doc. 10). The Court finds that Plaintiffs will not be prejudiced by the minimal delay caused by Defendants' failure to timely respond to Plaintiffs' Complaint.

Further, the Court considers whether there is a meritorious defense to Plaintiffs' claims. See Sobkowski v. Wyeth, Inc., 2004 U.S. Dist. LEXIS 28726 (M.D. Fla. June 4, 2004). It is not the "likelihood of success" which is the measure. Id. A mere "hint of a suggestion" that there is a meritorious defense to the claims alleged is sufficient. Id. Here, Defendants deny that any negligence on their part contributed to or caused the motor vehicle accident which is the subject of Plaintiffs' Complaint. (Doc. 10). Defendants Answer and Affirmative Defenses provides a "hint of a suggestion" of a

meritorious defense to Plaintiffs' alleged claims; therefore, a clerk's default is not appropriate.[1]

## III.   CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiffs' Motion for Clerk's Default (Doc. 7) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of September, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[1] The Court further notes that Defendant Stephen Sanders Trucking, Inc. has not been properly served. Issues regarding sufficiency of service of process prior to removal is a matter of state law. Lee v. City of Beaumont, 12 F. 3d 933, 936-37 (9th Cir. 1993). Pursuant to Fla. R. Civ. P. 1.070( c), the clerk shall issue a summons as to each defendant. Stephen Sanders is a corporate entity in and of itself. See (Doc. 9-A). Here, the summons issued was directed to "Wiley Sanders Trucking Lines Corporation a/k/a Wiley Sanders Truck Lines, Inc. and/or d/b/a Stephen Sanders Trucking, Inc." See (Doc. 9-B). However, these are two separate corporate entities. See (Docs. 9-A, C). Therefore, a proper summons was not issued and a clerk's default is inappropriate as against Stephen Sanders.